IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK GUY, | ) | Civil Action No. 7:12-cv-00083 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAJOR GEORGE HEMBREE, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff, Mark Guy a Virginia inmate currently housed at Powhatan Correctional Center and proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendant failed to provide him with a religious diet while he was incarcerated at Duffield Regional Jail. As his sole relief, Guy asks that incarceration at Duffield Regional Jail be "better for all Muslims."[1] The court finds that Guy's claim for injunctive relief is moot and, therefore, this action must be dismissed.

I.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v.

---

[1] Presumably, Guy expects that the court issue an order that has the effect of making incarceration "better" for Muslims at Duffield Regional Jail.

Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). In this case, Guy is now incarcerated at Powhatan Correctional Center and, therefore, no longer requires an injunction concerning life at Duffield Regional Jail. Accordingly, the court finds that Guy's claim for injunctive relief is moot.[2]

## II.

For the reasons stated above, the court dismisses Guy's claim for injunctive relief as moot.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 27th day of February, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] **Error! Main Document Only.**Further, to the extent Guy attempts to bring any claim on behalf of other Muslim inmates, it fails because Guy does not have standing. Allen v. Wright, 468 U.S. 737, 751 (1984); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law).

2

Case 7:12-cv-00083-NKM-RSB   Document 3   Filed 02/28/12   Page 2 of 2   Pageid#: 11